Jack Stanislaw, J.
A preliminary injunction is sought by plaintiffs (referred to collectively herein as “Bischoff”) to restrain the defendant Town of East Hampton from continuing to erect certain signs and allowing other completed signs to remain exposed.
*616 Just beyond the point where Montauk Highway (Route 27) enters the Township of East Hampton from the west the road forks. The northerly branch, known as Montauk Highway-Route 27, runs along the Hither Hills State Park Reservation for several miles. The southerly branch is known as Old Montauk Highway and passes through an area privately owned and, at least to some extent, commercially developed. These two generally parallel roads come together again further east, and the single road passes through the Hamlet of Montauk as its Main Street and then continues on out. Plaintiffs are for the most part businessmen whose establishments are further from Old Montauk Highway than from Montauk Highway-Route 27. They are also, however, located to the east, or to the north and east, of the point at which the two forks of the road rejoin.
At the westerly point where the road splits the town has put up a sign, actually on Old Montauk Highway but visible before the fork, which reads “ Old Montauk Hwy — Motels—Restaurants.” Bischoff objects to this particular sign, and another proposed though not yet completed, on three grounds: illegality by reason of the defendant’s own Zoning Ordinance, illegality by reason of the limited scope of the defendant’s governmental powers in these particular aspects, and illegality by inherent discrimination against plaintiffs with concurrent favoritism shown to others. It is argued that to direct motorists as indicated on the existing sign benefits those businesses on the Old Montauk Highway form to the direct and substantial detriment of the plaintiffs. Moreover, it is alleged that insofar as the sign impliedly indicates an absence of such businesses to be encountered by traversing the northerly form it is false and misleading.
At any rate Bischoff’s objections take form in a complaint consisting of three causes of action. The town cross-moves to dismiss the complaint as failing to state any proper cause of action.
Because of the extensive visual aspects of this action the court felt it both necessary and fair to travel through the area concerned and on the roadways affected and affecting this action. Thus the court is able to proceed with its discussion upon the added knowledge gained by a personal inspection over a period of two days.
Let us immediately point out that the existing sign is not false, misleading or discriminatory. The visible geographical fact of the matter is that motels and restaurants are to be found in the direction indicated appreciably sooner and in greater *617 quantity than by use of the other form of the roadway. And plaintiffs are only disadvantaged in that their establishments are easterly of those along Old Montauk Highway after the point of the rejoining of the two roads. In effect, they are generally in a position of commercial benefit only with respect to eastbound travelers who might use the northerly form, bypass many similar businesses, and then be forced to proceed on Old Montauk Highway east-to-west, backtracking to locate the “motels and restaurants ” they had missed altogether. Any favoritism that might he said to exist is simply reflective, in part, of the obvious fact that not everyone can be first.
Although a town may not advertise particular businesses located in the town, it is authorized, first, to set up “ guide posts with proper inscriptions and devices * * * at the intersections of such highways therein ’ ’ (Highway Law, § 154), and second, to establish and to use a publicity fund for the benefit of the town at large (Town Law, § 64, subd. 14). These statutory powers of the town cover that much of this case involving the present sign. The proposed sign is, of course, not amenable to a determination as to its propriety inasmuch as the words apparently have not been placed on it yet. We do not intend to apply law and statute to a surface still blank.
Finally, plaintiffs argue the impropriety of the town’s sign by virtue of its own prior ordinance generally regulating and restricting privately erected signs. In setting up the sign here the town acted, as indicated previously, in the performance of its governmental duties (see Nehrbas v. Incorporated Vil. of Lloyd Harbor, 2 N Y 2d 190). The town’s action within its legal authority is not to he upset unless unlawfulness is clearly demonstrated (795 Fifth Ave. Corp. v. City of New York, 15 N Y 2d 221). Such demonstration is not apparent here at all, and thus the town’s action is not subject to its zoning restrictions (County of Westchester v. Village of Mamaroneck, 22 A D 2d 143). Furthermore, and just recently to the plaintiffs’ issue relating to discrimination, the case of Koffman v. Town of Vestal (23 A D 2d 199) is not at variance with some of the foregoing and is supportive of much of the rest.
The plaintiffs’ application is denied and the defendants’ motion granted.